**STATE OF RHODE ISLAND**
**KENT, SC.**

**SUPERIOR COURT**

**DARCY E. VOELKER,**
**Plaintiff**

**v.**

**LIFETOUCH NATIONAL SCHOOL STUDIOS INC. and ELIZABETH ST. GERMAIN,**
**Defendants**

**C.A. No. 06- 1108**

# COMPLAINT

## I. Introductory Statement

This is an action brought by the Plaintiff, Darcy E. Voelker, against the Defendants seeking declaratory and injunctive relief, attorney fees and litigation expenses and other equitable relief, including front pay, as well as compensatory and punitive damages to remedy the unlawful discrimination in employment the Plaintiff has suffered on account of her gender in violation of the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k)("PDA"), the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* ("FEPA"), and the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1, *et seq.* ("RICRA").

## II. Parties

1. The Plaintiff is a resident of the Town of Coventry, County of Kent, State of Rhode Island.

2. Defendant Lifetouch National School Studios, Inc. ("Lifetouch") is a corporation duly organized and operating pursuant to the laws of the State of Minnesota and operates a school portrait business from a local office located in the Town of Coventry, Kent County, Rhode Island.

3. Defendant Elizabeth (Betty) St. Germain ("St. Germain") is sued individually and in her capacity as supervisor for Lifetouch.

## III. Venue

4. Venue is proper in this Court in accordance with R.I.G.L. §9-4-3 insofar as the Plaintiff resides in the County of Kent, State of Rhode Island, and because the alleged unlawful employment practices occurred in Kent County, as well as other counties within the State of Rhode Island.

## IV. Exhaustion of Administrative Remedies

5. On or about May 23, 2006, the Plaintiff filed a charge alleging sex (gender) discrimination on the basis of pregnancy with the Rhode Island Commission for Human Rights (hereinafter the "RICHR") and the United States Equal Employment Opportunity Commission (hereinafter the "EEOC").

6. On or about September 14, 2006, more than 120 days having elapsed since the filing of the charge, Plaintiff filed a Request for Notice of Right to Sue with the RICHR and the EEOC.

7. On or about September 22, 2006, the RICHR issued a Notice of Right to Sue to the Plaintiff and on or about September 28, 2006, the EEOC issued a Notice of Right to Sue to the Plaintiff.

8. There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

## V. Allegations Common to All Causes of Action

9. On or about August 13, 2004, the Plaintiff was hired by Lifetouch as a Photographer.

10. After being hired, the Plaintiff was assigned to work under the supervision of Defendant St. Germain.

11. The Plaintiff worked between twenty to forty hours per week, depending on the season.

12. The Plaintiff was aware when she was hired that, due to the seasonal nature of the job, she would be laid off at the end of the school year and called back to work at the beginning of the following school year.

13. In or around December, 2004, the Plaintiff decided to have a child, a fact she openly shared with her co-workers. Hence, the Plaintiff's Lifetouch colleagues and Defendant St. Germain were aware that the Plaintiff was trying to become pregnant during this period of time.

14. During her employment with Lifetouch, the Plaintiff performed her job duties in a satisfactory manner.

15. In or about May, 2005, Defendant St. Germain met individually with all employees under her supervision to discuss whether they intended to return in the fall for the new season.

16. During the meeting between the Plaintiff and St. Germain, there was a discussion about whether the Plaintiff intended to return to work in the Fall if she became pregnant. The Plaintiff made it clear to St. Germain that she fully intended to return in the Fall, even if she had become pregnant by that time. St. Germain instructed the Plaintiff to "just keep in touch and let [her] know what happens."

17. The Plaintiff was then laid-off and carried on with her life in anticipation of returning to work in the Fall of 2005.

18. In June 2005 the Plaintiff learned that she had become pregnant and in July, 2005, during a chance meeting with St. Germain, informed St. Germain that she had become pregnant.

19. During that discussion, the Plaintiff made it clear to St. Germain that she still fully intended to return to work in the Fall but that she might possibly be precluded in her ability to lift certain pieces of heavy equipment associated with the job.

20. St. Germain responded to this by telling the Plaintiff that "this (upcoming) season she did not want to make excuses for anyone about why they cannot do this task or that one." St. Germain then informed the Plaintiff that upon her return from a company conference in Minnesota, she would be placing an ad in the newspaper for the Plaintiff's position.

21. This left the Plaintiff incredulous, dismayed, and extremely upset.

22. The Plaintiff's abrupt and unexpected termination from Lifetouch because of her pregnancy caused a great deal of anxiety, stress, and humiliation.

23. In addition, the sudden reduction in income forced the Plaintiff and her family to access savings and other funds in order to pay their bills.

24. Defendants' unlawful discriminatory actions and/or omissions are in violation of the PDA, the FEPA and the RICRA and were motivated by malice and ill will toward the Plaintiff, and the Defendants' actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

25. The Plaintiff suffered, is now suffering and will continue to suffer emotional and economic injury as a result of having been intentionally discriminated against by Defendants on the basis of her gender and disability, including but not limited to front pay, future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.

**VI. <u>Claims For Relief</u>**

26. Plaintiff incorporates in each of the counts below the allegations contained in paragraphs 1-25 above.

**<u>Count One</u>**
**<u>Violation of the Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*</u>**

27. The actions of Defendants, including but not limited to those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her gender insofar as the Plaintiff's pregnancy was a motivating factor in Defendants' discriminatory conduct toward the Plaintiff in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under the Fair Employment Practices Act.

**Count Two**
**Violation of the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1, *et seq.***

28. The actions of Defendants, including but not limited to those described herein, constitute unlawful discrimination against Plaintiff in employment on account of her gender insofar as said actions resulted in the termination of the Plaintiff's employment contract and the attendant benefits, privileges, terms and conditions of a contractual relationship between the Plaintiff and Defendant Lifetouch in violation of the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under the Rhode Island Civil Rights Act.

**Count Three**
**Violation of the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) *et seq.***

29. The actions of Defendants, including but not limited to those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her gender insofar as the Plaintiff's pregnancy was a motivating factor in Defendants' discriminatory conduct toward the Plaintiff in violation of the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under the Pregnancy Discrimination Act.

**VII. Prayers for Relief**

**WHEREFORE**, the Plaintiff prays that this Honorable Court enter judgment:

a. Declaring the acts and practices complained of herein as being in violation of the Rhode Island Fair Employment Practices Act, the Rhode Island Civil Rights Act, and the Pregnancy Discrimination Act.

b. Enjoining and permanently restraining Defendants from violating the Rhode Island Fair Employment Practices Act, the Rhode Island Civil Rights Act, and the Pregnancy Discrimination Act as they relate to the Plaintiff.

c. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's future employment opportunities.

d. Awarding the Plaintiff front pay and benefits until she obtains the same or a substantially equivalent position.

e. Awarding the Plaintiff compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other personal losses.

f. Awarding the Plaintiff punitive damages for the Defendants' intentional, malicious, and reckless violation of the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act and the Pregnancy Discrimination Act.

g. Awarding the Plaintiff reasonable attorneys fees, costs, and expert witness fees as provided by the Rhode Island Fair employment Practices Act and the Rhode Island Civil Rights Act and the Pregnancy Discrimination Act.

h. Granting such other and further relief as this Honorable Court deems just and proper.

## VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

Plaintiff hereby designates Michael F. Drywa, Jr., Esquire, as trial counsel.

PLAINTIFF
By her attorneys,
SIMS & SIMS LLP

November 27, 2006

Michael F. Drywa, Jr. (#5999)
53 Arlington Street
P.O. Box 7367
Brockton, MA 02303
(508) 588-6900
(508) 586-3320 (fax)

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [x] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION. FILE No. 06-1108

DARCY E. VOELKER
**Plaintiff**

LIFETOUCH NATIONAL SCHOOL STUDIOS, INC. AND ELIZABETH ST. GERMAIN
**Defendant**

***Summons***

*To the above-named Defendant:*

LIFETOUCH NATIONAL STUDIOS
C/O PRENTICE HALL CORP. SYSTEM
222 JEFFERSON BLVD.
SUITE 2000
WARWICK, RI 02888

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon MICHAEL F. DRYWA, JR. Plaintiff's attorney, whose address is 53 ARLINGTON STREET, P.O. BOX 7367 BROCKTON, MA 02303 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: DECEMBER 11, 2006

(Seal of the Superior Court)

DATE 12/26/06
A TRUE COPY ATTEST
VINCENT P CATAMERO
R.I. CONSTABLE #6023