UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DARCY E. VOELKER | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | C.A. No. 07-017ML |
| | ) | |
| LIFETOUCH NATIONAL SCHOOL STUDIOS, INC. and ELIZABETH ST. GERMAIN | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER**

Defendants Lifetouch National School Studios, Inc. ("Lifetouch") and Elizabeth St. Germain ("Defendants") hereby answer the Complaint of Darcy Voelker ("Plaintiff") as follows:

**FIRST DEFENSE**

**INTRODUCTORY STATEMENT**

The allegations in Plaintiff's introductory paragraph state Plaintiff's description of her purported cause of action and therefore no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny such allegations.

**PARTIES**

1. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph.

2. Admitted.

3. The allegations in this paragraph state Plaintiff's theory of her suit against Defendant St. Germain and therefore, no responsive pleading is required.

**VENUE**

4. The allegations in Paragraph 4 state conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants admit that this court has jurisdiction over the types of claims listed but neither admit nor deny that the court has jurisdiction under the facts and circumstances of Plaintiff's specific claims.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph. To the extent that a responsive pleading is required, Defendants deny such allegations.

6. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph. To the extent that a responsive pleading is required, Defendants deny such allegations.

7. Defendants admit that the Rhode Island Commission for Human Rights issued a Notice of Right to Sue to Plaintiff. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this Paragraph.

8. The allegation of this paragraph states conclusions of law to which no response is necessary.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Denied, except Defendants admit that Plaintiff worked for Lifetouch as a photographer.

10. Admitted.

11. Admitted.

12. Defendants lack sufficient information or knowledge to form a belief as to what Plaintiff "was aware" of, but admit that Lifetouch employed her in a seasonal capacity and that she was laid off as business conditions warranted.

13. Defendants lack sufficient information or knowledge to form a belief as to when Plaintiff decided to have a child. Defendants admit that Plaintiff did discuss trying to get pregnant with her colleagues.

14. Admitted.

15. Admitted.

16. Admitted that St. Germain and Plaintiff discussed whether Plaintiff would choose to return to work should she become pregnant and that St. Germain advised Plaintiff to keep in touch and let her know what she (Plaintiff) decided to do. Defendants deny the remaining allegations of this paragraph.

17. Admitted that Plaintiff was laid off in 2005. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph.

18. Defendants lack sufficient information or knowledge to form a belief as to when Plaintiff learned she was pregnant. Defendants admit that Plaintiff shared the fact that she had become pregnant during a chance meeting with St. Germain in July 2005.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

**CLAIMS FOR RELIEF**

26. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 25 of the Complaint into each of the following counts.

**COUNT I**

**Rhode Island Fair Employment Practices Act**

27. Denied.

**COUNT II**

**Rhode Island Civil Rights Act**

28. Denied.

**COUNT III**

**Pregnancy Discrimination Act**

29. Denied.

**SECOND DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Plaintiff's claims are barred by the doctrine of contributory negligence.

**FOURTH DEFENSE**

Plaintiff's own conduct was the proximate cause of any damages she sustained.

**FIFTH DEFENSE**

To the extent Defendants acted as alleged herein, their conduct was in good faith, justified, privileged and taken for legitimate business reasons.

**SIXTH DEFENSE**

Lifetouch National School Studios, Inc. maintained policies against discrimination and harassment. Plaintiff unreasonably failed to utilize the complaint procedure in the policy or to otherwise prevent the harm about which she now complains in this lawsuit.

**SEVENTH DEFENSE**

Plaintiff has failed to exhaust her administrative remedies.

**EIGHTH DEFENSE**

Plaintiff's Complaint is barred in whole or in part, by the applicable statutes of limitations.

**NINTH DEFENSE**

Plaintiff has failed to plead, and cannot prove, that Defendants engaged in wanton, willful, or reckless conduct sufficient to support and award of punitive damages.

**TENTH DEFENSE**

Plaintiff was not subjected to any adverse employment action as she voluntarily resigned.

**ELEVENTH DEFENSE**

Plaintiff has failed to mitigate her damages.

WHEREFORE, Defendants respectfully request that the court:

1. Dismiss the Complaint against them with prejudice;

2. Enter judgment in their favor on all counts;

3. Award Defendants their costs and reasonable attorney's fees incurred in defending this action; and

4. Award Defendants such other and further relief as the court may deem just and appropriate.

LIFETOUCH NATIONAL SCHOOL STUDIOS, INC. and ELIZABETH ST. GERMAIN,
By their attorneys,

/s/ Stacie Boeniger Collier
Stacie Boeniger Collier, RI Bar #6059
Matthew J. Frankel, RI Bar #7293
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (facsimile)

Dated: January 17, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true and accurate copy of the within Defendants' Answer to Michael Drywa, Jr., 37 Arlington Street, PO Box 7367, Brockton, MA 02303 by electronic mail and regular mail, postage prepaid, this 17th day of January, 2007.

/s/ Stacie Boeniger Collier